IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JONAS CARRERA, §<br>    #12834-180, §<br>        MOVANT, §<br>                §<br>V.              §<br>                §<br>UNITED STATES OF AMERICA, §<br>        RESPONDENT. § | CASE NO. 3:18-CV-3404-B-BK<br>(CRIMINAL 3:14-CR-367-B-40) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Jonas Carrera's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

I. BACKGROUND

In 2015, Carrera pled guilty to possessing a controlled substance with intent to distribute and, in 2016, was sentenced to 170 months' imprisonment. *United States v. Carrera*, No. 3:14-CR-367-B-40, Crim. Doc. 2326 (N.D. Tex., May 6, 2016), *appeal dismissed as frivolous*, 718 F. App'x 296 (5th Cir. 2018) (per curiam). Carrera timely filed this Section 2255 motion on December 27, 2018, challenging the voluntariness of his guilty plea and alleging ineffective assistance of counsel. Doc. 2; Doc. 3. The Government filed a response opposing the requested relief, Doc. 9, and Carrera filed a reply. Doc. 10.

Upon review, the Court finds that Carrera's claim challenging the validity of his plea is procedurally barred and, in any event, that he cannot show that his plea was invalid or that counsel was ineffective. Thus, his Section 2255 motion fails on the merits.

## II. ANALYSIS

To be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

When challenging the validity of his guilty plea, a defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

In addition, to obtain post-conviction relief on a claim that defense counsel was constitutionally ineffective, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697. To prove prejudice, the movant "must show that there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the sentencing context, to establish prejudice, the movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

### A. Validity of plea is procedurally defaulted

Carrera challenges the voluntariness of his guilty plea. Having failed to raise the claim on direct appeal, the Court agrees with the Government that, it is procedurally defaulted, absent a showing of cause and prejudice or that the movant is "actually innocent" of the crime for which he was convicted. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)); *see also Bousley v. United States,* 523 U.S. 614, 621 (1998) (voluntariness of a guilty plea can be attacked on collateral review only if first challenged on direct review).

Carrera does not satisfy the cause-and-actual prejudice exception to excuse his failure to raise the validity of his plea on direct appeal. While he asserts that counsel's ineffective assistance rendered his plea involuntary, he does not challenge his counsel's failure to present the issue on appeal. Doc. 10 at 3. Even assuming that cause exists to excuse the procedural default, however, Carrera does not demonstrate that he will suffer actual prejudice since he fails to present a meritorious appellate issue, as discussed *infra*. Likewise, he does not claim his actual innocence.

### B. Guilty plea was valid

Carrera asserts that his guilty plea was involuntary because counsel misadvised that he "was not a career offender and would not be sentenced as such" and that his "2000 conviction for a federal drug conspiracy was too old to be held against [him]." Doc. 4 at 2 (Movant's

*Declaration*); *see also* Doc. 3 at 7.  He surmises that counsel's oversight caused him to "plead[] guilty based on a fundamental misunderstanding of his sentence exposure under the offer." Doc. 3 at 8.  Carrera also alleges that counsel was "deficient for failing to conduct minimally required investigation" or "for lacking a rudimentary understanding of the relevant [career offender] provision[.]" Doc. 3 at 8-9.  Absent counsel's misadvice, Carrera avers that he "would have persisted in his plea of not guilty and proceeded to . . . trial" or "secure[d] a more favorable plea agreement." Doc. 3 at 13-15.

      Carrera's sworn statements during rearraignment contradict his self-serving assertions that his plea was induced by misinformation from counsel regarding his career offender classification, prior federal drug conviction, and overall sentencing exposure.  At rearraignment, Carrera assured the Court that no one had made any predictions or promises about anything related to his guilty plea or the sentence.  Crim. Doc. 3244 at 8-10; *see also* Crim. Doc. 1629 at 5, *Plea Agreement* ¶ 10.  The Court also thoroughly cautioned Carrera that he could be sentenced up to the statutory maximum penalty of 20 years and that only the Court could determine the guideline range (after considering the Presentence Report (PSR) and any objections) and then the sentence.  Crim. Doc. 3244 at 11, 15-16; Crim. Doc. 1629 at 2, *Plea Agreement* ¶ 4.

      Carrera affirmed that he was fully satisfied with the advice and representation provided by his counsel.  Crim. Doc. 3244 at 5.  In addition, Carrera had ample time—more than four months between rearraignment and his sentencing hearing—to advise the Court that his guilty plea was involuntary or that he was dissatisfied with defense counsel's conduct.  Similarly at sentencing, he voiced no objection about the voluntariness of his guilty plea or his counsel's advice and allegedly deficient performance.  Crim. Doc. 2788.

      In sum, Carrera presents only self-serving, belated assertions that he would not have pled

guilty but for the supposed faulty information from counsel about his career offender status, prior federal drug conviction, and sentencing exposure. However, such statements are plainly insufficient to contradict his testimony at rearraignment. *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing). Moreover, sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Consequently, a defendant will not be permitted to contradict testimony given under oath at arraignment. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (requiring movant to produce "independent indicia of the likely merit of [his] allegations" to overcome arraignment testimony and plea agreement, which refuted his allegations).

For the foregoing reasons, the Court concludes that Carrera has failed to establish that his guilty plea was not knowing and voluntary. Therefore, his first claim fails.

### C. Criminal history and advisory guideline range properly calculated

Next, Carrera asserts that counsel rendered ineffective assistance in (1) "stipulating that [his] classification as a career offender did not impact the applicable advisory guidelines range," Doc. 3 at 19, and (2) failing to object to the criminal history category, Doc. 3 at 16. He points to an exchange between counsel and the Court at sentencing that the career offender status did not have an impact on the guidelines range. Doc. 3 at 19; Crim. Doc. 2788 at 6-7. He also

maintains that without "the career offender enhancement [his] criminal history category was V … not VI." Doc. 3 at 20. However, Carrera's assertions are unavailing.

As the court of appeals concluded, Carrera "qualified as a career offender under U.S.S.G. § 4B1.1" and, as a result, "was properly placed in criminal history category VI" and "[h]is advisory guidelines range … was properly calculated." *United States v. Carrera*, 718 F. App'x 296, 297 (5th Cir. 2018); *see also* Crim. Doc. 2088-1 at 13, PSR ¶ 46. Even if counsel had alerted the Court that Carrera's career-offender status actually increased his criminal-history category and, consequently, his guideline range, Carrera has not met his burden to demonstrate prejudice, to-wit: that his sentence was actually increased *due to* counsel's ostensibly deficient performance. *Glover*, 531 U.S. at 203-204. Thus, his ineffective-assistance claim has no merit.

### D. No support for minor or minimal participant finding

Likewise, counsel was not ineffective for failing to argue for a mitigating role reduction under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3B1.2. Doc. 3 at 16. Carrera presents no evidence to show that he was a minimal or minor participant in the joint criminal activity, and the record belies his argument that he "was 'substantially less culpable' than the average participant." Doc. 3 at 16. According to the PSR (which was accepted at sentencing as modified by the *Addendum*), Carrera was characterized as a "mid- to low-level distributor of methamphetamine" in a high-level distribution ring. Crim. Doc. 2088-1 at 7-8, PSR ¶¶ 13, 17; Crim. Doc. 2788 at 25, 31 (Sentencing Tr.). Further, in the *Factual Resume*, Carrera agreed to possessing and distributing methamphetamine from January 2013 through November 2015, a period of nearly two years. Crim. Doc. 1631 at 2.

Carrera's belated and self-serving assertions aside, he simply cannot demonstrate counsel's deficient performance or resulting prejudice because there is simply no evidence that

he was eligible for either the minimal- or minor-participant adjustment. U.S.S.G. § 3B1.2 cmt. n.3(A) (providing a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant"). Thus, counsel cannot be deemed ineffective for failing to make a futile objection on that basis. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)); *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (same as to meritless guideline objection).

### III. EVIDENTIARY HEARING

In his reply, Carrera argues for the first time that he is entitled to an evidentiary hearing. Doc. 10 at 6-9. However, "[w]hen the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because Carrera's claims lack merit for reasons wholly supported by the record, as previously noted, no evidentiary hearing is required. *See United States v. McClinton*, 782 F. App'x 312, 314-15 (5th Cir. 2019) (per curiam) (affirming denial of evidentiary hearing where "contemporaneous evidence" at rearraignment conclusively negated movant's *post hoc* assertions).

## IV. CONCLUSION

The Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 6, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).